UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH COLVIN,

        Plaintiff,

                                                  File No. 2:09-CV-96

v.

                                                  HON. ROBERT HOLMES BELL

MICHAEL MARTIN,

        Defendant.
                                          /

**ORDER APPROVING AND ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION AS MODIFIED**

On August 16, 2010, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendant Michael Martin's motion for summary judgment (Dkt. No. 34) be granted in part and denied in part. (Dkt. No. 121), that Plaintiff's motions to strike and for sanctions (Dkt. Nos. 55, 78, 79) be denied, and that Plaintiff's request for the transfer of property (Dkt. No. 90) be denied as moot. Both Plaintiff and Defendant have filed objections to the R&R. (Dkt. Nos. 125, 126.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

# I.

Defendant has raised two objections to the R&R. First, Defendant objects to the statement in the R&R that "there remains a question of fact whether defendant's denial of plaintiff's reinstatement to the Kosher meal program was a result of retaliation for filing grievances." (R&R 7.) Defendant contends that even though he moved for summary judgment on a retaliation claim, Plaintiff's complaint in this matter did not contain a retaliation claim. Rather, all allegations in the complaint regarding retaliation for the filing of grievances related to Plaintiff's previously-filed lawsuit.

Plaintiff has filed an objection in response to Defendant's objections. (Dkt. No. 129.) Plaintiff contends that his complaint "did contain a retaliation claim for failure to reinstate the Plaintiff in the Kosher meal program against Defendant Martin, as the Defendant's counsel made an extensive argument in defense of the claim." (*Id.* at 1.) Plaintiff has not suggested which, if any, allegations in his complaint support a retaliation claim.

In determining what claims are before the Court, the Court examines Plaintiff's complaint rather than Defendant's motion. The focus of Plaintiff's complaint is on Defendant Martin's September 17, 2008, recommendation that Plaintiff not be approved for the Kosher diet. (Compl. ¶ 2.) Plaintiff contends that this denial was wrongful because his religious beliefs were sincerely held. (*Id.* at ¶ 7.) In order to state a claim of retaliation, a plaintiff must plead factual allegations to establish protected conduct, an adverse action, and a causal connection between the two. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 723

(6th Cir. 2010). Plaintiff does not allege that he filed any grievances against Defendant prior to this denial, nor does he allege that Defendant took adverse action against him as a result of his previous grievances against Defendant or others in the MDOC system. The references in Plaintiff's complaint to grievances and retaliation are presented background information regarding a related claim raised in a previously-filed lawsuit, *Colvin v. Caruso*, 2:07-CV-61 (W.D. Mich.). These references do not support a retaliation claim against Defendant in this suit. (Compl. ¶ 6.) Upon careful review of Plaintiff's complaint and the attached exhibits, the Court concludes that Defendant's objection is well-taken. Plaintiff has not stated a retaliation claim against Defendant. The only claim before the Court in this case is a First Amendment free exercise claim.

Defendant also objects to the denial of qualified immunity. Defendant contends that he is entitled to qualified immunity on Plaintiff's First Amendment free exercise claim because the law governing the constitutionality of the MDOC's religious diet inquiry was not "clearly established" at the time of the alleged incident. Although the Defendant raised this argument in support of summary judgment, the R&R did not address the "clearly established" prong of the qualified immunity analysis.

The defense of qualified immunity shields government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818

3

(1982)). If there is a genuine issue of material fact as to whether the official violated a constitutional right, the Court must determine whether the constitutional right was "clearly established" at the time of the violation. *Aldini v. Johnson*, 609 F.3d 858, 863 (6th Cir. 2010) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). If the right was not clearly established, the officer would be entitled to qualified immunity. *Id.*

"For a right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Phillips v. Roane County*, 534 F.3d 531, 545 (6th Cir. 2008) (quoting *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir.2003) (internal quotations omitted). In determining what rights are "clearly established," the Court focuses on decisions from the Supreme Court, from courts within the circuit, and occasionally from decisions of other courts. *Reynolds v. City of Anchorage*, 379 F.3d 358, 367 (6th Cir. 2004). "'[T]here need not be a case with the exact same fact pattern or even 'fundamentally similar' or 'materially similar' facts; rather, the question is whether the defendants had 'fair warning' that their actions were unconstitutional." *Cummings v. City of Akron*, 418 F.3d 676, 687 (6th Cir. 2005) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)).

Defendant contends that he is entitled to qualified immunity because *Colvin v. Caruso*, 605 F.3d 282, 297-98 (6th Cir. 2010), a case that questioned, in dicta, the constitutionality of the MDOC's religious diet inquiry, was not decided until two years after Defendant denied Plaintiff's request for reinstatement into the Kosher meal program.

4

Plaintiff responds that at the time he was denied reinstatement, the law was clearly established that prison officials could not substantially burden an inmate's right to religious exercise without some justification, that a prisoner's religious beliefs should not be denied because his beliefs are not articulated with the clarity and precision that a more sophisticated person might employ, and that the relevant test is whether his beliefs are sincerely held.

The Court finds that the law was clearly established that to be entitled to First Amendment protection, the prisoner need only show that the belief or practice asserted is "religious in the person's own scheme of things' and is 'sincerely held.'" *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (quoting *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir.1987)). There is a dispute of fact for trial concerning whether Defendant denied reinstatement based on an assessment of the sincerity of Plaintiff's beliefs. Accordingly, Defendant is not entitled to summary judgment on the issue of qualified immunity.

## II.

Plaintiff objects to the Magistrate Judge's recommendation that his motions to strike (Dkt. Nos. 55, 78) be denied. Plaintiff moved to strike the prisoner religious meal worksheet attached to Defendant's affidavit (Dkt. No. 35, Ex. M, Martin Aff. Attach. 2), because it is hearsay and is not a document that was created or kept in the regular course of business.

Defendant asserts in his affidavit that he created the worksheet when he reviewed Plaintiff's request to participate in the Kosher meal program, that the worksheet is a record of regularly conducted activity of the MDOC, and that the worksheet is a document kept in the regular course of business of the MDOC. (Martin Aff. ¶¶ 13, 26.)

5

Plaintiff challenges Defendant's assertions because the worksheet does not state who created it or when it was created, it is not on MDOC letterhead, it is not in the same format as other kosher meal decisions, and it was not included in Plaintiff's Freedom of Information Act request for documents.

Plaintiff has not asserted that Defendant's affidavit fails to satisfy the requirements of Rule 56(e). Plaintiff has merely challenged the veracity of Defendant's assertions regarding the creation of the worksheet. These challenges raise issues of fact, but they do not suggest that the affidavit must be stricken as a matter of law. Plaintiff's motion to strike will accordingly be denied. This ruling does not prevent Plaintiff from challenging the credibility of Defendant or the admissibility of the worksheet at trial.

Plaintiff also objects to the recommendation that his motion for sanctions (Dkt. No. 79) be denied. Plaintiff contends that the Magistrate Judge totally overlooked this issue. Plaintiff moved for sanctions based in part on his assertion that defense counsel deliberately misrepresented the facts in Defendant's motion for summary judgment. (*See* Dkt. No. 79, Mot. for Sanctions, ¶ 7.) Upon de novo review, the Court finds that the statements challenged by Plaintiff fall within the realm of fair argument and are not sanctionable. Accordingly, the Court agrees with the Magistrate Judge's recommendation that Plaintiff's motion for sanctions be denied. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's objections to the R&R (Dkt. No. 125) are **SUSTAINED IN PART and OVERRULED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 126) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the August 16, 2010, R&R (Dkt. No. 121), is **APPROVED** and **ADOPTED** as the opinion of the Court as **MODIFIED** by this order.

**IT IS FURTHER ORDERED** that Defendant Michael Martin's motion for summary judgment (Dkt. No. 34) is **GRANTED IN PART and DENIED IN PART**. (Dkt. No. 121), The motion is granted to the extent it seeks dismissal of Plaintiff's claims for damages against Defendant in his official capacity and dismissal of any First Amendment retaliation claim, and is denied in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff's motions to strike and for sanctions (Dkt. Nos. 55, 78, 79) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for the transfer of property (Dkt. No. 90) is **DENIED AS MOOT**.

Dated: September 15, 2010         /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE