UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH COLVIN, JR.,

    Plaintiff,

v.

Case No. 2:09-cv-96
HON. ROBERT HOLMES BELL

MICHAEL MARTIN,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff prisoner Kenneth Colvin, Jr., filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendant Michael Martin, alleging that defendant failed to reinstate plaintiff to the Kosher meal program. Plaintiff is currently provided Kosher meals in the prison. Plaintiff moves for a court order requiring the Michigan Department of Corrections (MDOC) to cease asking three questions used to help determine the sincerity of a prisoner's beliefs prior to making a determination as to whether a prisoner should be provided Kosher meals in the prison. Plaintiff has not set forth any alternative practice that the MDOC could follow for administering the Kosher meal program to requesting prisoners.

    I have reviewed plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that plaintiff will suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that plaintiff's request for a temporary restraining order be denied.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to plaintiff's

claim that the defendant has violated his federal rights. Plaintiff argues that he has a strong likelihood of success on the merits of his claim because sincerity of a prisoner's religious beliefs is a question of fact. Plaintiff argues that the three questions used to test sincerity violate the First Amendment and the Religious Land Use and Institutionalized Persons Act.

Due the high costs associated with providing prisoners Kosher meals, the MDOC does not simply allow every prisoner who requests a Kosher diet access to the Kosher meal program. As a result, the MDOC has to make individual determinations of an individual's sincerity of their claimed religious need for a Kosher diet. The questions have been used simply as a starting point in the analysis of whether a particular prisoner truly has a sincere belief that a Kosher diet is necessary. Plaintiff is correct that sincerity is fact based. It is also an individual belief and very difficult to determine objectively. One option is to simply provide a Kosher meal to every prisoner who requests one. The MDOC has explained in the past that it is very costly and difficult to establish Kosher kitchens in every prison. The MDOC believes that some prisoners request Kosher meals simply to get a transfer to a prison that the individual might believe is more favorable. The MDOC believes that if a prisoner exhibits greater knowledge of the need for a Kosher meal, then the prisoner can objectively show sincerity for the claimed religious need for a Kosher meal.

Plaintiff has not set forth any alternative tests to help the MDOC make sincerity determinations. The questions may not be perfect, but the MDOC believes it helps with the sincerity issue. A reviewing court does not automatically accept the determination of the MDOC, or even the legitimacy of the questions, or the predictor of sincerity based upon a particular prisoner's answers. The court must look at more than simply the answers provided by the prisoner, but on the objective facts set forth by the prison in denying a Kosher meal request. Most often, the objective reasons are

based on more than the simply answers to the three questions asked. The particular history of the individual prisoner, including religious history and background, are often considered. The test for the reviewing court is as individual as each prisoner's claimed sincerity for a Kosher diet. For this reason alone, it is the opinion of the undersigned that the three questions asked by the MDOC in assisting in the process for approval of a religious diet test should not be disturbed by any court order at this time.

Furthermore, plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief. This is especially true where plaintiff is currently receiving Kosher meals at the prison.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that plaintiff's motion for a temporary restraining order and preliminary injunction (Docket #117) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal

those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
       TIMOTHY P. GREELEY
       UNITED STATES MAGISTRATE JUDGE

Dated: January 6, 2011