UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH COLVIN,

    Plaintiff,

v.

MICHAEL MARTIN,

    Defendant.
    _____/

File No. 2:09-CV-96

HON. ROBERT HOLMES BELL

# **MEMORANDUM OPINION AND ORDER**

Plaintiff has filed objections to the Magistrate Judge's orders denying Plaintiff's renewed motion to strike the prisoner religious meal worksheet (Dkt. No. 161) and denying Plaintiff's motion to change venue (Dkt. No. 162). (Dkt. Nos. 167, 169, Objections.)

A Magistrate Judge's resolution of a non-dispositive pretrial matter should be modified or set aside on review by the district court only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivR 72.3(a). "A finding is "clearly erroneous" when the reviewing court is left with "the definite and firm conviction" that a mistake has been made. *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Plaintiff objects to the Magistrate Judge's denial of his motion to strike because he contends that the prisoner religious meal worksheet was not a created in the ordinary course

of business and is not trustworthy. Upon review, the Court concludes that the Magistrate Judge's denial of Plaintiff's motion without prejudice was neither clearly erroneous nor contrary to law. Plaintiff has no legal right to a pretrial evidentiary ruling, and the Court will be in a better position to assess the admissibility of the worksheet at trial when the Court understands the purpose for which it is being offered and when assertions relating to the timing and purpose for its creation can be tested.

Plaintiff objects to the Magistrate Judge's denial of his motion for change of venue from the Northern Division to the Southern Division of the Western District of Michigan. Plaintiff contends that, although he was housed in a prison in the Northern Division when Defendant denied his request for reinstatement in the Kosher Meal Program, his claim regarding that denial arose in Ingham County in the Southern Division where Defendant worked at the time he denied Plaintiff's request.

Under the local court rules, prisoner civil rights cases are assigned to the division in which the claim arose. W.D. Mich. LCivR 3.2(d). Plaintiff filed this case in April 2009 in the Southern Division, but the action was assigned to the Northern Division. In December 2010, Plaintiff moved to have his case transferred to the Southern Division. Upon review, the Court concludes that the Magistrate Judge's denial of Plaintiff's motion to transfer is not clearly erroneous or contrary to law. Plaintiff was housed in a prison in the Northern Division at the time his claim arose, a substantial part of the events giving rise to Plaintiff's claim took place in the Northern Division, and Plaintiff delayed filing his motion to transfer

until more than a year and a half had elapsed and many adverse rulings had been made. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Magistrate Judge's order denying Plaintiff's renewed motion to strike the prisoner religious meal worksheet (Dkt. No. 167) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's objections to the Magistrate Judge's order denying motion to change venue (Dkt. No. 169) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's orders denying Plaintiff's renewed motion to strike the prisoner religious meal worksheet (Dkt. No. 161), and denying motion to change venue (Dkt. No. 162) are **AFFIRMED**.


Dated: January 28, 2011                     /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE