UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


KENNETH COLVIN,

        Plaintiff,

                                 File No. 2:09-CV-96

v.

                                 HON. ROBERT HOLMES BELL

MICHAEL MARTIN,

        Defendant.

_____/

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On January 6, 2011, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Plaintiff's renewed motion for preliminary injunction/temporary restraining order be denied because Plaintiff failed to establish a substantial likelihood of success on the merits or irreparable harm if the relief is not granted. (Dkt. No. 160, R&R; Dkt. No. 117, Mot.) Plaintiff filed objections to the R&R on January 26, 2011. (Dkt. No. 166.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff objects to the R&R because he contends that the Magistrate Judge failed to consider or address his evidence and argument that Defendant relied solely on the

unconstitutional three-question religious knowledge test in denying Plaintiff's request to be placed on the Kosher diet. *See Colvin v. Caruso*, 605 F.3d 282, 298 (6th Cir. 2010) ("[T]he touchstone for determining whether a religious belief is entitled to free-exercise protection is an assessment of 'whether the beliefs professed . . . are sincerely held,' not whether 'the belief is accurate or logical.'" (quoting *Jackson v. Mann*, 196 F.3d 316, 320 (2d Cir. 1999)).

In recommending denial of Plaintiff's motion for injunctive relief, the Magistrate Judge did not ignore Plaintiff's evidence or argument. Contrary to Plaintiff's assertions, it is not unconstitutional per se for prison administrators to administer the three-question test. A prison administrator's use of the test is only unconstitutional to the extent the decision to deny the prisoner's request for a religious diet is based on the prisoner's lack of objective knowledge rather than on the sincerity of his beliefs. *Colvin*, 605 F.3d at 298. Moreover, contrary to Plaintiff's assertions, the evidence in this case is not so one-sided as to overwhelmingly establish that Defendant made his decision to deny Plaintiff reinstatement to the Kosher meal program solely on the basis of Plaintiff's lack of objective knowledge.

Because there are questions of fact regarding the basis on which Defendant made his decision, and because Plaintiff is currently receiving Kosher meals, the Court agrees with the Magistrate Judge that Plaintiff has filed to meet his heavy burden of establishing the need for the drastic remedy of preliminary injunctive relief pending trial. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 166) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the January 6, 2011, R&R (Dkt. No. 160) is

**APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's renewed motion for preliminary

injunction/temporary restraining order (Dkt. No. 117) is **DENIED**.


Dated: February 4, 2011                          /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE