UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH COLVIN, JR.,

       Plaintiff,

                                                               File No. 2:09-CV-96

v.

                                                               HON. ROBERT HOLMES BELL

MICHAEL MARTIN,

       Defendant.
                                             /

**ORDER APPROVING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On April 21, 2011, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendant Michael Martin's motion for judgment on the pleadings (Dkt. No. 197), be denied as untimely. (Dkt. No. 232, R&R.) Defendant filed objections to the R&R on May 5, 2011. (Dkt. No. 233.)

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Defendant objects to the recommendation that his motion be denied as untimely because Plaintiff has failed to state a claim for relief, and because Defendant is entitled to qualified immunity. Specifically, Defendant contends that Plaintiff's request for injunctive

relief is moot, that Plaintiff does not have a statutory right to damages against Defendant in his individual capacity under RLUIPA, and that Plaintiff has failed to demonstrate that a constitutional violation has occurred.

Defendant's objections are not responsive to the R&R. Defendant does not challenge the Magistrate Judge's finding that Defendant's motion was filed three months after the dispositive motion cut-off date and twenty days before the scheduled trial date, and that Defendant has not moved for an extension of the motion cut-off date. Neither does Defendant present good cause for his untimely filing. Instead, Defendant argues that the Court should consider his untimely motion simply because it is meritorious.

Although Defendant is correct in his assertion that a qualified immunity defense can generally be raised at any stage in the litigation, the case he cites in support of this proposition does not suggest that a litigant is excused from complying with the case management order. *See English v. Dyke*, 23 F.3d 1086, 1090 (6th Cir. 1994) (noting that the defendant's motion raising a qualified immunity defense was not made after a court-imposed deadline). Defendant has not filed a motion

The Court agrees with the Magistrate Judge's recommended disposition of Defendant's motion. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's objections to the R&R (Dkt. No. 233) are **OVERRULED**.

**IT IS FURTHER ORDERED** the April 21, 2011, R&R of the Magistrate Judge

2

(Dkt. No. 232) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 197) is **DENIED** as untimely.


Dated: May 18, 2011                             /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE