UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

KENNETH COLVIN, JR.,

            Plaintiff,                         Case No. 2:09-cv-96

v.                                        Honorable R. Allan Edgar

MICHAEL MARTIN,

            Defendant.

_____/

## ORDER APPROVING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On June 24, 2011, United States Magistrate Judge Timothy P. Greeley issued a report and

recommendation ("R&R") recommending that Plaintiff Kenneth Colvin's motion for default

judgment pursuant to Rule 37 [Doc. No. 225] and his motion requesting that Defendant Michael

Martin be ordered to respond [Doc. No. 237] be denied, because Plaintiff failed to show that

Defendant failed to participate in discovery. [Doc. No. 245.]  Plaintiff filed an objection to the R&R

on July 8, 2011. [Doc. No. 256.]

This Court is required to make a *de novo* determination of those portions of the R&R to which

objections have been filed, and may accept, reject, or modify any or all of the Magistrate Judge's

findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff states multiple objections to the recommendation that his motions be denied.  First,

he argues that Magistrate Judge Greeley should have required the Defendant to respond to his default

judgment motion.  He further argues that Magistrate Judge Greeley erred in not explaining the basis

of his belief that Plaintiff had not proven that Defendant engaged in fraudulent actions which could

be constructed as failing to participate in the discovery process.  His last argument focuses on the

admissibility of the evidence at issue in his motion for default judgment, an "MDOC Prisoner

Religious Meal Worksheet."

Plaintiff's first objection is without merit, as Magistrate Judge Greeley's decision was based

on his belief that Plaintiff had not proven that Defendant engaged in fraudulent actions.  This was a

decision that could be reached after considering Plaintiff's motion without considering a response

from Defendant.

This Court agrees with Magistrate Judge Greeley's determination that Plaintiff has not proven

a failure on Defendant's part to engage in the discovery process.  Federal Rule of Civil Procedure 37

provides that a court may impose sanctions, including entering a default judgment, on a party that

"fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b).  The default judgment

sanction is the "strongest weapon" in the district court's arsenal. *Grange Mutual Casualty Co. v.*

*Mack*, 270 Fed. Appx. 372, 376 (6th Cir. 2008).  As such, it is not appropriate unless there is a

showing of "willfulness, bad faith, or fault" on the part of the party who has failed to comply. *Peltz*

*v. Moretti*, 292 Fed. Appx. 475, 478 (6th Cir. 2008) (internal quotation omitted).  In this case,

Plaintiff does not attempt to show that Defendant failed to respond to any of his discovery requests.

Instead, he discusses alleged factual inconsistencies that, he argues, show that Defendant's assertions

regarding the religious worksheet submitted during discovery are fraudulent.  He focuses on factors

such as format differences between the worksheet at issue and a worksheet used for a different

prisoner that was allegedly prepared on the same date to support his argument that Defendant did not

actually create the worksheet on the date alleged.  The Court finds that none of the alleged

inconsistencies discussed by Plaintiff go so far as to show that Defendant submitted fraudulent

responses to discovery requests.  In his brief, Plaintiff cites to a district court case to show that a party's knowing submission of a fraudulent document to the court is grounds for dismissal, though not by Rule 37.  *Campos v. Correction Officer Smith*, 418 F.Supp.2d 277, 278 (W.D.N.Y. 2006). That case involved submission of a letter, dated in 2003, that was written to appeal a 2004 grievance, which led to the court's "inescapable" conclusion that "plaintiff has knowingly submitted a falsified exhibit[.]"  *Id.*  The facts of that case are clearly distinguishable from the facts of this one, where no evidence has been presented that would lead to such an inescapable conclusion.  Plaintiff has failed to show that Defendant failed to comply with the discovery process, and default judgment pursuant to Rule 37(b) is therefore inappropriate.

Plaintiff's final objection focuses on the admissibility of the evidence at issue in his motion. A Court's decision to impose sanctions pursuant to Rule 37(b) is based on a party's failure to comply with a discovery order, not on an incident where a party provides documents during the discovery process that may be inadmissible at trial.  As this Court noted in an earlier order involving this same piece of evidence, Plaintiff may challenge the credibility of Defendant or the worksheet's admissibility at trial, [Doc. No. 130], but questions of admissibility are irrelevant to this motion.

For the reasons stated above, it is ordered that Plaintiff's objections to the R&R [Doc. No. 256] are OVERRULED.  It is further ordered that Magistrate Judge Greeley's June 24, 2011 R&R [Doc. No. 245] is APPROVED and ADOPTED as the opinion of the Court.  Plaintiff's motions for default judgment [Doc. No. 225] and to require a response to the default judgment motion [Doc. No. 237] are DENIED.

SO ORDERED.

Dated:    7/25/2011                                        */s/ R. Allan Edgar*
                                                        R. ALLAN EDGAR
                                                        UNITED STATES DISTRICT JUDGE